_____

No. 95-2208
_____


Leon Burgess,                          *
                                       *
              Appellant,               *
                                       *
     v.                                *
                                       *
Unknown Bone, Unknown Lawrence,        *
Unknown Gaides, Unknown Ghumm,         *
Unknown Edwards, Unknown Wisdom,*
Unknown Crocker, Unknown Adams,        *
Unknown Wagner, Unknown Tilley,        * Appeal from the United States
A. Henson, Unknown Kitchell,           * District Court for the
Unknown Smith, Unknown Gelbauch,*        Eastern District of Missouri
Unknown Dicus, Unknown Bergner,        *
Unknown Turnbull, Unknown Dunn,        *      [UNPUBLISHED]
Unknown Weber, Unknown Hutchins,*
Unknown Hartley, Unknown Howell,*
Unknown Bowen, Unknown Roper,          *
Unknown Pogue, Unknown Delo,           *
Unknown Wells, Unknown Bingham,        *
Unknown Reed,                          *
                                       *
              Appellees.               *
                            _____

              Submitted:  April 12, 1996

                 Filed:  July 5, 1996
                            _____

Before McMILLIAN, JOHN R. GIBSON and BOWMAN, Circuit Judges.
                            _____


PER CURIAM.


     Leon Burgess, an inmate who was transferred to the Jefferson
City Correctional Center from the Potosi Correctional Center
(Potosi) in December 1994, appeals from a final order entered in
the United States District Court[1] for the Eastern District of

_____

[1]The Honorable Charles A. Shaw, District Judge, United States
District Court for the Eastern District of Missouri.

Missouri granting summary judgment in favor of twenty-four Potosi officials (the Potosi defendants) and three contracted medical employees of Potosi from Correctional Medical Systems (the CMS defendants). Burgess brought this action under 42 U.S.C. § 1983 alleging that (1) the Potosi and CMS defendants violated his Eighth Amendment right against cruel and unusual punishment by using excessive force against him and failing to respond to his medical needs; and (2) the Potosi and CMS defendants violated his due process rights by conspiring to conceal the excessive force incident. Upon summary judgment motions by both sets of defendants, the district court held that the Potosi defendants were entitled to qualified immunity and that Burgess had failed to demonstrate a genuine issue of material fact as to whether the CMS defendants had violated his Eighth and Fourteenth Amendment rights <u>Burgess v. Kevin Bone, et al.</u>, No. 4:94-CV-1346-CAS (E.D. Mo. Apr. 20, 1995) (memorandum and order). For reversal Burgess argues that (1) the district court erred in entering summary judgment against him in light of the alleged confiscation of his legal file in October 1994 by the Potosi defendants and by officials at the Jefferson City Correctional Center and (2) the Potosi defendants violated his Fourteenth Amendment right to access to courts in confiscating his legal file. Having carefully reviewed the record and the parties' briefs, we conclude that no error of law or fact appears and that an opinion would lack precedential value.

Accordingly, the judgment of the district court is affirmed. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-